NB:MRM
F.#2018R00706/OCDETF#NY-NYE-836

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   OCT 02 2019   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

TERRILL LATNEY,
    also known as "Motis" and "Mo,"
ROMAINE HOPKINS,
    also known as "Foo,"
MATTHEW PITTMAN,
    also known as "Pearl,"
KENNETH BELCHER,
    also known as "KB,"
KOTARRA JACKSON,
    also known as "Red,"
CHARLES GAMBLE,
    also known as "DO" and "Dog,"
JOHN GAMBLE,
    also known as "Bones,"
RANDY SMITH,
COREY BELCHER,
    also known as "Dot,"
WILLIE BELCHER,
    also known as "Thug,"
JIMMY DEAN,
    also known as "Jim Dick,"
ROGER FOSTER,
    also known as "RJ,"
JASON LANGHORN,
    also known as "Hov," and
ERIC ROSS,
    also known as "Smurks,"

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

SUPERSEDING
INDICTMENT

Cr. No. 18-606 (S-2) (JS)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(j)(1), 1951(a), 1959(a)(1),
1959(a)(3), 1959(a)(5), 1959(a)(6),
1962(c), 1962(d), 1963, 2 and 3551
et seq.; T. 21, U.S.C., §§ 846,
841(b)(1)(A)(i), 841(b)(1)(A)(ii),
841(b)(1)(A)(iii), 841(b)(1)(C) and
841(b)(1)(D))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

### The Racketeering Enterprise

1.      The Bloods (hereinafter the "Bloods" or the "enterprise") was a violent street gang with members located in Long Island, New York and elsewhere.   Members and associates of the Bloods engaged in acts of violence, including murder, attempted murder, robbery and assault, as well as other criminal activity, including narcotics trafficking. Participation in criminal activity by a member or an associate, especially violence directed at rival gangs, increased the respect accorded to that member or associate and could result in gaining entrance to the Bloods or a promotion to a leadership position.   Members of the Bloods purchased, maintained and circulated a collection of firearms for use in criminal activity.   The Crips was a rival street gang of the Bloods with members located throughout Long Island, New York and elsewhere.

2.      The Bloods, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.   The Bloods was an organized criminal group that operated in the Eastern District of New York and elsewhere.

3.     The Bloods routinely held meetings to, among other things, plan criminal activity.   At meetings, members paid dues into a treasury.   The treasury funds were used, among other things, to purchase narcotics and to assist members who had been arrested.   Members of the Bloods sometimes signified their membership in and allegiance to the gang by wearing the color red, wearing tattoos, using phrases such as "what's poppin," and displaying hand signals.   The Red Stone Gorillas, or "Stones," was a Riverhead, New York based "set," or subgroup, of the Bloods.   In addition to the Crips, the members of the Stones had an ongoing rivalry with members of other sets of the Bloods, including the Nine Trey Gangsters and Low Rider Brims, which operated in and around Riverhead, New York and elsewhere on Long Island.

4.     The Bloods, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder and robbery chargeable under of the laws of the State of New York and punishable by imprisonment for more than one year; acts indictable under Title 18, United States Code, Section 1951 (robbery); and offenses involving trafficking of controlled substances punishable under Title 21, United States Code, Sections 841 and 846.

Purposes of the Enterprise

5.     The purposes of the enterprise included the following:

a.     Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

4

      b.      Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

      c.      Keeping victims and rivals in fear of the enterprise and its members and associates.

      d.      Enriching the members and associates of the enterprise through criminal activity, including robbery and drug trafficking.

      e.      Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

Means and Methods of the Enterprise

6.      Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

      a.      Members of the enterprise and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

      b.      Members of the enterprise and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and Bloods members who violated the enterprise's rules.

c.     Members of the enterprise and their associates used, attempted

to use and conspired to use robbery and drug trafficking as means of obtaining money.

### The Defendants

7.     The defendants COREY BELCHER, also known as "Dot," WILLIE

BELCHER, also known as "Thug," JIMMY DEAN, also known as "Jim Dick," ROGER

FOSTER, also known as "RJ," JASON LANGHORN, also known as "Hov," and ERIC

ROSS, also known as "Smurks," were members of the Bloods.   TERRILL LATNEY, also

known as "Motis" and "Mo," was an associate of the Bloods.

### COUNT ONE
### (Racketeering)

8.     The allegations contained in paragraphs one through seven are

realleged and incorporated as if fully set forth in this paragraph.

9.     In or about and between January 2010 and the date of this Superseding

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants WILLIE BELCHER, also known as "Thug," JIMMY

DEAN, also known as "Jim Dick," ROGER FOSTER, also known as "RJ," JASON

LANGHORN, also known as "Hov," TERRILL LATNEY, also known as "Motis" and

"Mo," and ERIC ROSS, also known as "Smurks," together with others, being persons

employed by and associated with the Bloods, an enterprise that engaged in, and the activities

of which affected, interstate and foreign commerce, did knowingly and intentionally conduct

and participate, directly and indirectly, in the conduct of the affairs of the Bloods enterprise

through a pattern of racketeering activity, as that term is defined in Title 18, United States

Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

6

## RACKETEERING ACT ONE
### (Conspiracy to Distribute Controlled Substances)

10.    In or about and between January 2010 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WILLIE BELCHER, JIMMY DEAN, ROGER FOSTER, JASON LANGHORN, TERRILL LATNEY and ERIC ROSS, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine base, a Schedule II controlled substance, (b) a substance containing cocaine, a Schedule II controlled substance, (c) a substance containing heroin, a Schedule I controlled substance, and (d) a substance containing marihuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 846, 841(a), 841(b)(1)(A)(i), 841(b)(1)(A)(ii) and 841(b)(1)(A)(iii). The amounts of cocaine base, cocaine and heroin involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, were (a) 280 grams or more of a substance containing cocaine base, (b) five kilograms or more of a substance containing cocaine, and (c) one kilogram or more of a substance containing heroin.

## RACKETEERING ACT TWO
### (Conspiracy to Murder John Doe #1)

11.    In or about and between November 2014 and July 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WILLIE BELCHER, JIMMY DEAN, TERRILL LATNEY and ERIC ROSS, together with others, did knowingly and intentionally conspire to cause the death of another

7

person, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, in

violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT THREE
(Conspiracy to Murder John Doe #2)

12.     In or about and between November 2014 and July 2016, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants WILLIE BELCHER, JIMMY DEAN, ROGER FOSTER, TERRILL LATNEY

and ERIC ROSS, together with others, did knowingly and intentionally conspire to cause the

death of another person, to wit: John Doe #2, an individual whose identity is known to the

Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT FOUR
(Attempted Murder of John Doe #3)

13.     On or about August 1, 2015, within the Eastern District of New York,

the defendant ROGER FOSTER, together with others, did knowingly and intentionally

attempt to cause the death of another person, to wit: John Doe #3, an individual whose

identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1),

110.00 and 20.00.

### RACKETEERING ACT FIVE
(Attempted Robbery of Drug Dealer #1)

14.     The defendant WILLIE BELCHER committed the following acts,

either one of which alone constitutes Racketeering Act Five:

A.     Attempted Robbery

15.     On or about October 22, 2015, within the Eastern District of New York,

the defendant WILLIE BELCHER, together with others, did knowingly and intentionally

attempt to forcibly steal property from a drug dealer in Riverhead, New York ("Drug Dealer #1"), an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 160.05, 110.00 and 20.00.

B.    Attempted Hobbs Act Robbery

16.    On or about October 22, 2015, within the Eastern District of New York, the defendant WILLIE BELCHER, together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of Drug Dealer #1 in Riverhead, New York, through the use of actual and threatened force, physical violence and fear of injury to such person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

RACKETEERING ACT SIX
(Robbery of Drug Dealer #2)

17.    The defendant ROGER FOSTER committed the following acts, either one of which alone constitutes Racketeering Act Six:

A.    Robbery

18.    In or about the Fall of 2015, within the Eastern District of New York, the defendant ROGER FOSTER, together with others, did knowingly and intentionally forcibly steal property from a drug dealer in Riverhead, New York ("Drug Dealer #2"), an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 160.05 and 20.00.

B.    Hobbs Act Robbery

19.    In or about the Fall of 2015, within the Eastern District of New York, the defendant ROGER FOSTER, together with others, did knowingly and intentionally

obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of Drug Dealer #2 in Riverhead, New York, through the use of actual and threatened force, physical violence and fear of injury to such person, in violation of Title 18, United States Code, Sections 1951(a) and 2.

## RACKETEERING ACT SEVEN
(Murder of Thomas Lacolla)

20.     On or about November 17, 2015, within the Eastern District of New York, the defendants JIMMY DEAN, JASON LANGHORN and TERRILL LATNEY, together with others, with the intent to cause the death of another person, to wit: John Doe #2, did knowingly and intentionally cause the death of Thomas Lacolla, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT EIGHT
(Conspiracy to Murder John Doe #4)

21.     On or about and between July 3, 2016 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JIMMY DEAN, JASON LANGHORN and ERIC ROSS, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: John Doe #4, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Racketeering Conspiracy)

22.     The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

23.     In or about and between January 2010 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants WILLIE BELCHER, also known as "Thug," JIMMY DEAN, also known as "Jim Dick," ROGER FOSTER, also known as "RJ," JASON LANGHORN, also known as "Hov," TERRILL LATNEY, also known as "Motis" and "Mo," and ERIC ROSS, also known as "Smurks," together with others, being persons employed by and associated with the Bloods, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

24.     The pattern of racketeering activity through which the defendants WILLIE BELCHER, JIMMY DEAN, ROGER FOSTER, JASON LANGHORN, TERRILL LATNEY and ERIC ROSS, together with others, agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth in paragraphs ten through twenty-one of Count One of this Superseding Indictment, as Racketeering Acts One through Eight, which are realleged and incorporated as if fully set forth in this paragraph.   It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Murder and Assault John Doe #1 with Dangerous Weapons)

25.     At all times relevant to this Superseding Indictment, the Bloods, as

more fully described in paragraphs one through seven, which are realleged and incorporated

as if fully set forth in this paragraph, including its leadership, membership and associates,

constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code,

that is, a group of individuals associated in fact that was engaged in, and the activities of

which affected, interstate and foreign commerce.    The enterprise constituted an ongoing

organization whose members functioned as a continuing unit for a common purpose of

achieving the objectives of the enterprise.

26.     At all times relevant to this Superseding Indictment, the Bloods,

through its members and associates, engaged in racketeering activity, as defined in Title 18,

United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving

murder and robbery, chargeable under the laws of the State of New York and punishable by

imprisonment of more than one year; acts indictable under Title 18, United States Code,

Section 1951 (robbery); and offenses involving trafficking of controlled substances

punishable under Title 21, United States Code, Sections 841 and 846.

27.     In or about and between November 2014 and July 2016, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants WILLIE BELCHER, also known as "Thug," JIMMY DEAN, also known as "Jim

Dick," TERRILL LATNEY, also known as "Motis" and "Mo," and ERIC ROSS, also known

as "Smurks," together with others, for the purpose of maintaining and increasing position in

the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally

12

conspire to murder and assault John Doe #1 with one or more dangerous weapons, to wit:

firearms, in violation of New York Penal Law Sections 125.25(1), 105.15, 120.05(2) and

105.05(1).

(Title 18, United States Code, Sections 1959(a)(5), 1959(a)(6) and

3551 et seq.)

## COUNT FOUR
### (Conspiracy to Murder and Assault John Doe #2 with Dangerous Weapons)

28.    The allegations contained in paragraphs one through seven and twenty-

five through twenty-six are realleged and incorporated as if fully set forth in this paragraph.

29.    In or about and between November 2014 and July 2016, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants WILLIE BELCHER, also known as "Thug," JIMMY DEAN, also known as "Jim

Dick," ROGER FOSTER, also known as "RJ," JASON LANGHORN, also known as "Hov,"

TERRILL LATNEY, also known as "Motis" and "Mo," and ERIC ROSS, also known as

"Smurks," together with others, for the purpose of maintaining and increasing position in the

Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally

conspire to murder and assault John Doe #2 with one or more dangerous weapons, to wit:

firearms, in violation of New York Penal Law Sections 125.25(1), 105.15, 120.05(2) and

105.05(1).

(Title 18, United States Code, Sections 1959(a)(5), 1959(a)(6) and

3551 et seq.)

## COUNT FIVE
### (Attempted Murder of John Doe #3)

30.     The allegations contained in paragraphs one through seven and twenty-five through twenty-six are realleged and incorporated as if fully set forth in this paragraph.

31.     On or about August 1, 2015, within the Eastern District of New York, the defendant ROGER FOSTER, also known as "RJ," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #3, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT SIX
### (Assault with Dangerous Weapons of John Doe #3 and Jane Doe #1)

32.     The allegations contained in paragraphs one through seven and twenty-five through twenty-six are realleged and incorporated as if fully set forth in this paragraph.

33.     On or about August 1, 2015, within the Eastern District of New York, the defendant ROGER FOSTER, also known as "RJ," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #3 and Jane Doe #1, an individual whose identity is known to the Grand Jury, with one or more dangerous weapons, to wit: firearms, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

14

## COUNT SEVEN
### (Discharging Firearms During Crimes of Violence:
Attempted Murder of John Doe #3 and Assault with Dangerous Weapons
of John Doe #3 and Jane Doe #1)

34.    On or about August 1, 2015, within the Eastern District of New York,

the defendant ROGER FOSTER, also known as "RJ," together with others, did knowingly

and intentionally use and carry one or more firearms during and in relation to one or more

crimes of violence, to wit: the crimes charged in Counts Five and Six, and did knowingly and

intentionally possess said firearms in furtherance of such crimes of violence, one or more of

which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT EIGHT
### (Hobbs Act Robbery Conspiracy Drug Dealer #1)

35.    On or about October 22, 2015, within the Eastern District of New York,

the defendants COREY BELCHER, also known as "Dot," and WILLIE BELCHER, also

known as "Thug," together with others, did knowingly and intentionally conspire to obstruct,

delay and affect commerce, and the movement of articles and commodities in commerce, by

robbery, to wit: the robbery of Drug Dealer #1 in Riverhead, New York, through the use of

actual and threatened force, physical violence and fear of injury to such person.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT NINE
### (Attempted Hobbs Act Robbery – Drug Dealer #1)

36.    On or about October 22, 2015, within the Eastern District of New York,

the defendants COREY BELCHER, also known as "Dot," and WILLIE BELCHER, also

known as "Thug," together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of Drug Dealer #1 in Riverhead, New York, through the use of actual and threatened force, physical violence and fear of injury to such person.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT TEN
(Brandishing a Firearm During a Crime of Violence:
Hobbs Act Robbery – Drug Dealer #1)

37.    On or about October 22, 2015, within the Eastern District of New York, the defendants COREY BELCHER, also known as "Dot," and WILLIE BELCHER, also known as "Thug," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Nine, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT ELEVEN
(Hobbs Act Robbery Conspiracy – Drug Dealer #2)

38.    In or about the Fall of 2015, within the Eastern District of New York, the defendant ROGER FOSTER, also known as "RJ," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of Drug Dealer #2 in

Riverhead, New York, through the use of actual and threatened force, physical violence and fear of injury to such person.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWELVE
### (Hobbs Act Robbery – Drug Dealer #2)

39.     In or about the Fall of 2015, within the Eastern District of New York, the defendant ROGER FOSTER, also known as "RJ," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of Drug Dealer #2 in Riverhead, New York, through the use of actual and threatened force, physical violence and fear of injury to such person.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THIRTEEN
### (Brandishing a Firearm During a Crime of Violence:
### Hobbs Act Robbery – Drug Dealer #2)

40.     In or about the Fall of 2015, within the Eastern District of New York, the defendant ROGER FOSTER, also known as "RJ," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Twelve, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Murder in-Aid-of Racketeering – Thomas Lacolla)

41.     The allegations contained in paragraphs one through seven and twenty-five through twenty-six are realleged and incorporated as if fully set forth in this paragraph.

42.     On or about November 17, 2015, within the Eastern District of New York, the defendants JIMMY DEAN, also known as "Jim Dick," JASON LANGHORN, also known as "Hov," and TERRILL LATNEY, also known as "Motis" and "Mo," together with others, for the purpose of maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Thomas Lacolla, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Discharging Firearms During a Crime of Violence:
Murder of Thomas Lacolla)

43.     On or about November 17, 2015, within the Eastern District of New York, the defendants JIMMY DEAN, also known as "Jim Dick," JASON LANGHORN, also known as "Hov," and TERRILL LATNEY, also known as "Motis" and "Mo," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Fourteen, and did knowingly and intentionally possess said firearms in furtherance of such crime of violence, one or more of which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SIXTEEN
### (Firearm-Related Murder of Thomas Lacolla)

44.     On or about November 17, 2015, within the Eastern District of New

York, the defendants JIMMY DEAN, also known as "Jim Dick," JASON LANGHORN, also

known as "Hov," and TERRILL LATNEY, also known as "Motis" and "Mo," together with

others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the

knowing and intentional use of one or more firearms during and in relation to a crime of

violence, to wit: the crime charged in Count Fourteen, did knowingly and intentionally cause

the death of a person through the use of a firearm, which killing was murder as defined in

Title 18, United States Code, Section 1111, in that the defendants, together with others, with

malice aforethought, did unlawfully kill Thomas Lacolla.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT SEVENTEEN
### (Conspiracy to Murder and Assault John Doe #4 with Dangerous Weapons)

45.     The allegations contained in paragraphs one through seven and twenty-

five through twenty-six are realleged and incorporated as if fully set forth in this paragraph.

46.     On or about and between July 3, 2016 and the date of this Superseding

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York and elsewhere, the defendants JIMMY DEAN, also known as "Jim Dick," JASON

LANGHORN, also known as "Hov," and ERIC ROSS, also known as "Smurks," together

with others, for the purpose of maintaining and increasing position in the Bloods, an

enterprise engaged in racketeering activity, did knowingly and intentionally conspire to

murder and assault John Doe #4 with one or more dangerous weapons, to wit: firearms, in

violation of New York Penal Law Sections 125.25(1), 105.15, 120.05(2) and 105.05(1).

(Title 18, United States Code, Sections 1959(a)(5), 1959(a)(6) and

3551 et seq.)

## COUNT EIGHTEEN
(Conspiracy to Distribute Controlled Substances)

47.    In or about and between January 2010 and the date of this

Superseding Indictment, both dates being approximate and inclusive, within the Eastern

District of New York and elsewhere, the defendants TERRILL LATNEY, also known as

"Motis" and "Mo," ROMAINE HOPKINS, also known as "Foo," MATTHEW

PITTMAN, also known as "Pearl," KENNETH BELCHER, also known as "KB,"

KOTARRA JACKSON, also known as "Red," CHARLES GAMBLE, also known as

"DO" and "Dog," JOHN GAMBLE, also known as "Bones," RANDY SMITH, WILLIE

BELCHER, also known as "Thug," JIMMY DEAN, also known as "Jim Dick," ROGER

FOSTER, also known as "RJ," JASON LANGHORN, also known as "Hov," and ERIC

ROSS, also known as "Smurks," together with others, did knowingly and intentionally

conspire to distribute and possess with intent to distribute one or more controlled

substances, which offense involved (a) a substance containing cocaine base, a Schedule II

controlled substance, (b) a substance containing cocaine, a Schedule II controlled

substance, (c) a substance containing heroin, a Schedule I controlled substance, and (d) a

substance containing marihuana, a Schedule I controlled substance, contrary to Title 21,

United States Code, Section 841(a)(1).   The amounts of cocaine base, cocaine and heroin

involved in the conspiracy attributable to the defendants as a result of their own conduct,

20

and the conduct of other conspirators reasonably foreseeable to them, were (a) 280 grams

or more of a substance containing cocaine base, (b) five kilograms or more of a substance

containing cocaine and (c) one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii),

841(b)(1)(A)(iii), 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections

3551 <u>et seq.</u>)

COUNT NINETEEN
(Use of Firearms during Drug Trafficking Crime)

48.     In or about and between January 2010 and the date of this Superseding

Indictment, both dates being approximate and inclusive, within the Eastern District of New

York, the defendant JIMMY DEAN, also known as "Jim Dick," together with others, did

knowingly and intentionally use and carry one or more firearms during and in relation to a

drug trafficking crime, to wit: the crime charged in Count Eighteen, and did knowingly and

intentionally possess said firearms in furtherance of such drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 <u>et seq.</u>)

A TRUE BILL

_____
FOREPERSON

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

F. # 2018R00706/
OCDETF#NY-NYE-836
FORM DBD-34
JUN. 85

No. 18-CR-606 (S-2) (JS)

## UNITED STATES DISTRICT COURT
### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

TERRILL LATNEY, also known as "Motis" and "Mo," ROMAINE
HOPKINS, also known as "Foo," MATTHEW PITTMAN, also known
as "Pearl," KENNETH BELCHER, also known as "KB," KOTARRA
JACKSON, also known as "Red," CHARLES GAMBLE, also known
as "DO" and "Dog," JOHN GAMBLE, also known as "Bones,"
RANDY SMITH, COREY BELCHER, also known as "Dot," WILLIE
BELCHER, also known as "Thug," JIMMY DEAN" also known as
"Jim Dick," ROGER FOSTER, also known as "RJ," JASON
LANGHORN, also known as "Hov," and ERIC ROSS, also known as
"Smurks,"

Defendants.

## INDICTMENT

( T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(j)(1), 1951(a), 1559(a)(1), 1959(a)(3), 1959(a)(5), 1959(a)(6),
1962(c), 1962(d), 1963 and 3551 et seq.; T. 21, U.S.C. §§ 841(b)(1)(A)(i),
841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 841(b)(1)(C), 841(b)(1)(D) and 846)

*A true bill.*

_____

*Foreperson*

*Filed in open court this* _____ *day,*
*of* _____ *A.D. 20* _____      *Clerk*

*Michael R. Maffei, Assistant U.S. Attorney (631) 715-7890*